Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Earl A. Hicks
Michael J. Ellis
Assistant United States Attorneys
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAIME HERRERA,

Defendant.

Case No. 1:22-CR-02037-MKD

GOVERNMENT'S SENTENCING
MEMORANDUM

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Earl A. Hicks and Michael J. Ellis, Assistant United States Attorneys for the Eastern District of Washington, submits the following sentencing memorandum.

I.    **BACKGROUND**

The Government agrees with the Offense Conduct summary outlined in paragraphs ten through twenty-four of the draft Presentence Investigation Report. *See* ECF No. 67 at ¶¶ 10–24. The Defendant – while driving late at night in Toppenish, Washington, within the external boundaries of the Yakama Nation Indian Reservation – stopped his vehicle by both W.G.O. and C.E. The Defendant asked W.G.O. and C.E. questions indicative of probing the two men's gang membership. The Defendant then drove away, turned his vehicle around, and again stopped in front of W.G.O. and C.E.

GOVERNMENT'S SENTENCING MEMORANDUM - 1

The Defendant pulled out a rifle and shot W.G.O. in the chest; W.G.O. died where he fell on the sidewalk outside an elementary school.

The initial evidence available to the Federal Bureau of Investigation was limited: a vague description of the shooter from C.E. and video surveillance footage from the school. The FBI diligently investigated W.G.O.'s homicide, interviewing witnesses, identifying the shooter's vehicle's make and model, and obtaining phone records. The Defendant was ultimately identified as the shooter; the Defendant – a Sureno gang member – would have been motivated to ask the gang membership-related questions that the shooter asked W.G.O. and C.E. prior to shooting W.G.O.

Additionally, the Defendant – one week before the shooting – sent the following Facebook message to another user: "I know efe they aint shit tho homie They know wassup when I pull out my baby." The Defendant's message was followed by the below photograph:



The Defendant identified the firearm as an AR-15, which can be configured to fire the caliber of ammunition recovered near W.G.O. The Defendant's vehicle was searched

and found to have similar upholstery to the depicted seat. In short, the Defendant was forecasting his behavior – that he intended to "pull out [his] baby" – a rifle – and let someone know "wassup." W.G.O. tragically became the individual randomly selected by the Defendant.

While the investigation into W.G.O.'s murder was ongoing, the Defendant committed a second, unrelated homicide – arranging an ambush and ultimately shooting the victim. The Defendant was arrested shortly after the second murder, pleaded guilty, and sentenced to 240 months imprisonment.

The Defendant accordingly appears for sentencing having separately murdered two men in the Yakima Valley between 2017 and 2019.

## II.    SENTENCING CALCULATIONS

### A. Base Offense Level & Enhancements

The Government agrees that the Defendant's guideline sentencing range is 360 months to life.

### B. Departures

The Government is not seeking an upward departure. Further, a downward departure is not appropriate for the reasons discussed below.

## III.    SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

### A. The nature and circumstances of the offense and the history and characteristics of the Defendant

Based on the totality of the circumstances, the nature and characteristics of the Defendant's conduct warrant a sentence of 360 months imprisonment consecutive to the Defendant's 240-month sentence following the 2019 murder. The Defendant has committed multiple murders, ruining numerous lives in the Yakima Valley. W.G.O. was a son, a brother, and a new father – his daughter, a toddler at the time of his death, is growing up without a father because of the Defendant's random selection of

GOVERNMENT'S SENTENCING MEMORANDUM - 3

W.G.O. as a target. The Defendant – in his "social history report" – attempts to portray himself and his actions as a result of his upbringing. No one forced the Defendant to kill; the Defendant made his own terrible choices. As noted by the Defendant, he had an opportunity to get away and change his life while living in Spokane. *See* ECF No. 67 at ¶ 191. The Defendant chose not to, and instead took two lives and ruined countless others.

The Defendant has however accepted responsibility for both murders; the Defendant pleaded guilty to both crimes. Should the Defendant fully serve both sentences he will exit the custody of the Bureau of Prisons and the Washington State Department of Corrections an old man, presumably physically incapable from continuing to commit acts of violence and socially disconnected from the gang and drug lifestyle that motivated his senseless behavior. The recommended sentence is appropriate; a 600-month total sentence to hold the Defendant accountable for both homicides. The Government accordingly requests that the Court accept the Rule 11(c)(1)(C) plea agreement; the recommended sentence is sufficient to accomplish the purposes outlined in 18 U.S.C. § 3553(a).

B. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment</u>

For the reasons discussed above, the Government asks that the Court sentence the Defendant within the adjusted advisory guideline range, to 360 months imprisonment. The sentence should be run consecutively to the Defendant's earlier 240-month Washington State sentence following the second homicide. Such a sentence reflects the seriousness of the Defendant's criminal conduct. The Government also asks that the Court order a five (5) year term of supervised release.

C. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct</u>

As discussed above, a 600-month total sentence followed by a five-year term of supervised release will deter future criminal activity by the Defendant. The

GOVERNMENT'S SENTENCING MEMORANDUM - 4

recommended sentence removes the Defendant from the community for a significant period of time, likely much of the Defendant's remaining life.

D. The need for the sentence imposed to protect the public from further crimes of the Defendant

As discussed above, a 600-month total sentence followed by a five-year term of supervised release will protect the public from any future criminal activity by the Defendant.

E. The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

A 600-month total sentence followed by a five-year term of supervised release would provide the Defendant with opportunities to better himself so that – assuming the Defendant is eventually released back into the community – he is no longer a danger to others.

F. The kinds of sentences available

The Court may sentence the Defendant up to a life sentence, a fine of up to $250,000, and up to five years of supervised release.

G. The kind of sentence contemplated by the Sentencing Guidelines

The Sentencing Guidelines contemplate a term of imprisonment.

H. Any pertinent policy statements issued by the Sentencing Commission

There are no pertinent policy statements in this case.

I. The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct

A sentence within the guideline range would avoid unwarranted sentence disparities.

J. The need to provide restitution to any victims of the offense

As noted in the Plea Agreement, W.G.O., and any representative of W.G.O. or program that compensated W.G.O.'s family for expenses following his death, would

be entitled to restitution. *See* ECF No. 64 at 12–14. The Government has not yet received any restitution information on behalf of W.G.O.; should the Government do so prior to sentencing, the Government will file supplemental pleadings.

## IV.    GOVERNMENT'S SENTENCING RECOMMENDATION

As discussed above, the Government recommends that the Court impose a 360-month sentence, consecutive to the Defendant's 240-month Washington State sentence, followed by a five (5) year term of supervised release with the conditions outlined in the Presentence Investigation Report. *See* ECF No. 67 at 32–35. Such a sentence is sufficient to accomplish the purposes outlined in 18 U.S.C. § 3553(a).

Dated:   May 24, 2024.

Vanessa R. Waldref
United States Attorney

*s/Earl A. Hicks*
Earl A. Hicks
Assistant United States Attorney

*s/Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Lorinda Youngcourt; Paul Shelton

*s/ Michael J. Ellis*
Michael J. Ellis
Assistant United States Attorney