Lorinda Meier Youngcourt, WSBA 50998, IN 14411-49
Federal Defenders of Eastern WA & ID
601 W. Riverside Ave., Suite 900 | Spokane, WA 99201
(509) 624-7606 | Lorinda_Youngcourt@fd.org

Paul E. Shelton, WSBA 52337
Federal Defenders of Eastern WA & ID
306 East Chestnut Ave. | Yakima, WA 98901
(509) 248-8920 | Paul_Shelton@fd.org

COUNSEL FOR JAIME HERRERA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Mary K. Dimke, Judge.

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAIME HERRERA,<br><br>　　　　Defendant. | Case No. 1:22-cr-2037-MKD<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>Sentencing Hearing<br>June 1, 2024 @ 9:30 a.m. - Yakima |

JAIME HERRERA, by counsel, Lorinda Meier Youngcourt and Paul Shelton of the Federal Defenders of Eastern Washington and Idaho (FDEWI), files his sentencing memorandum requesting the Court accept the Rule 11(c)(1)(C) plea agreement and impose imprisonment of 360 months consecutive to his 240-month sentence in Yakima County Superior Court Case No. 19-1-00669-39.

DEFENDANT'S SENTENCING MEMORANDUM - 1

**Contents**
I. Jaime's acceptance of responsibility. ........................................................................... 3

II. Who is Jaime Herrera? ................................................................................................. 3

   A. Social history. ........................................................................................................ 3

   B. History of addiction. .............................................................................................. 4

   C. Involvement with the gang. ................................................................................... 5

   D. Yakima County conviction. ................................................................................... 5

III. Why the Court should accept the Rule 11(c)(1)(C) agreement. ................................. 5

IV. Nothing in 18 U.S.C. § 3553 suggests a sentence outside of the guidelines is more appropriate. ................................................................................................................... 7

V. Conclusion. ................................................................................................................... 7

### I.  Jaime's acceptance of responsibility.

First and foremost, Jaime accepts full responsibility for the killing of W.G.O.[1] He recognizes the family and friends of W.G.O. continue to grieve a loss for which he is responsible.[2]  Nothing put forth in this memorandum should be interpreted as Jaime's attempt to excuse or justify his malicious shooting of W.G.O.

### II.  Who is Jaime Herrera?

#### A. Social history.[3]

Jaime faced overwhelming obstacles to healthy development from birth through his formative years.  Physical abuse, neglect, poverty, corruptive modeling, the normalization of drug use and sales, community violence, and gang as family were the norms.[4]  He was born into and raised in a socially toxic environment. Exacerbating the toxicity was a lack of protective factors such as secure attachments

---

[1] Jaime acknowledges the suggested adjustment for obstruction of justice based on allegations he threatened potential witnesses.  ECF No. 67 (PSIR), ¶¶ 121, 127.  He asks the Court to recognize these threats are alleged to have occurred before he was indicted on April 5, 2022.  ECF No. 1 (Indictment).

[2] ECF No. 67 (PSIR), ¶ 29.

[3] An extensive social history was prepared by Mitigation Specialist Janet Dowling and FDEWI's Social Worker Jose Zepeda and is submitted as Exhibit A (under seal) to this memo.

[4] In addition to Exhibit A, United States Probation documented the domestic violence, illegal activity and entrenched gang membership in Jaime's family.  PSIR, ¶¶ 181-187, 197.

DEFENDANT'S SENTENCING MEMORANDUM - 3

during infancy and childhood, positive role models, and various forms of social support.

**B. History of addiction.**

Jaime has a long history of drug abuse, like his parents before him. He used marijuana with his mother and "hard" drugs with his father while he was growing up.[5] He started using cocaine/crack at age 17 and methamphetamine at age 18 and continued abusing those drugs up until the time of his arrest in 2019.[6]

Jaime's girlfriend at the time of W.G.O.'s murder reported Jaime was on drugs.[7] In addition to the drugs, from 2008 to 2018 (including the time of this crime), Jaime was consuming a six-pack of alcohol daily.[8]

He has never participated in substance abuse treatment other than classes following a DUI conviction in 2017. While in the Benton County Jail, Jaime participated in medically assisted treatment and was prescribed Suboxone which has helped with his addiction.[9]

---

[5] PSIR, ¶ 201
[6] PSIR, ¶¶ 202-203.
[7] PSIR, ¶¶ 16, 188.
[8] PSIR, ¶ 200.
[9] PSIR, ¶¶ 203, 205.

DEFENDANT'S SENTENCING MEMORANDUM - 4

### C. Involvement with the gang.

Jaime's family were gang members and did nothing to shield him from their activities.[10] His father remains a member.

In 2023, Jaime dropped out of the gang.[11] His status as a dropout puts him at risk of retaliation in the local jails, Washington prisons, and Bureau of Prisons.

### D. Yakima County conviction.

Jaime is currently serving 240-months of imprisonment imposed by the Yakima Superior Court in January of 2022 for his involvement in the murder of J.F.[12] J.F. was killed on April 12, 2019, 21 months before W.G.O. There were several people involved in the murder of J.F. including Jaime's father.[13]

### III. Why the Court should accept the Rule 11(c)(1)(C) agreement.

After lengthy negotiation, the United States and Jaime entered a Rule 11(c)(1)(C) plea agreement with an agreed upon sentence of 360-months imprisonment to be served consecutive to Jaime's current sentence of 240-months. In the agreement the United States agrees to dismiss Count 1 – First Degree Murder in Indian Country in favor of an amended charge of Second Degree Murder in Indian

---

[10] PSIR, ¶ 190; Exhibit A, pgs. 9-14.
[11] PSIR, ¶ 191; Exhibit A, p. 13.
[12] PSIR, ¶¶ 136-143.
[13] *Id.*

DEFENDANT'S SENTENCING MEMORANDUM - 5

Country.[14] This Court deferred the decision on whether to accept the agreement to the time of sentencing in compliance with Rule 11(c)(3)(A).[15]

There are essentially two parts to the agreement: (1) a charge bargain; and (2) an agreed sentence. While the Federal Rule governing plea bargaining grants courts broad discretion, the rule governing charging decisions limits the court's discretion to supervisory. *In re Ellis*, 356 F.3d 1198, 1209-1210 (9th Cir. 2004). Thus, courts must exercise due regard for prosecutorial independence in bargaining a charge and "the discretion of the trial court to reject these bargains is fairly narrow." *United States v. Miller*, 722 F.2d 562, 565-566 (9th Cir. 1983).

> In deciding whether to accept an agreement that includes a specific sentence, the district court must consider the Sentencing Guidelines. The court may not accept the agreement unless the court is satisfied that "(1) the agreed sentence is within the applicable guideline range; or (2)(A) the agreed sentence is outside the applicable guideline range for justifiable reasons; and (B) those reasons are set forth with specificity."

*Hughes v. United States*, 584 U.S. 675, 682 (2018), citing United States Sentencing Commission, Guidelines Manual § 6B1.2(c) (Nov. 2016).

The sentence of 360-months agreed to by the parties is within the applicable guideline range. This Court need not find reasons to justify a sentence outside of the

---

[14] ECF Nos. 61 (Information), 64 (Plea Agreement).
[15] ECF No. 66 (Order Accepting Guilty Plea).

DEFENDANT'S SENTENCING MEMORANDUM - 6

range. "[W]hen the sentencing court hears that both sides believe a certain sentence is appropriate and reasonable in the circumstances, this is more persuasive than only the defendant arguing for that sentence." *United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014).

**IV.    Nothing in 18 U.S.C. § 3553 suggests a sentence outside of the guidelines is more appropriate.**

"[U]nless the court finds that there exists an aggravating or mitigating circumstances of a kind, or to a degree, not adequately taken into consideration" by the sentencing guidelines it shall impose a guideline sentence. 18 U.S.C. § 3553(b). United States Probation has not identified any factors warranting a departure from the guideline range.[16]

**V.    Conclusion.**

JAIME HERRERA requests the Court accept the plea agreement and sentence him according to its terms.

Dated:  May 24, 2024

*/s/ Lorinda Meier Youngcourt*
Lorinda Meier Youngcourt

**Certificate of Service**

---

[16] PSIR, ¶ 239.

DEFENDANT'S SENTENCING MEMORANDUM - 7

I certify that on May 24, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify all counsel of record.

/s/ *Lorinda Meier Youngcourt*
Lorinda Meier Youngcourt

DEFENDANT'S SENTENCING MEMORANDUM - 8